By the Court.
The defendant in error, Nick Lopa, was tried and convicted of murder in the second degree. The court of appeals reversed the conviction on two grounds: first, that a new trial should have been awarded by the trial court because of newly discovered evidence; and, second, for the refusal to rule from the jury certain evidence given by Estella Lawler, a witness for the state. The state prosecutes error to this court.
The testimony of the state tended to show that at the time of the assault there were two persons present in the room with the defendant, viz., James Patton, the deceased, and a woman by the name of O’Reagan; that after Lopa’s assault upon Patton, Patton left the house and did not thereafter return. The defendant testified in his own defense, claiming that Patton after leaving the house returned and made an assault upon him.
*411 After conviction, upon a motion for a new trial, in support of the claim of newly discovered evidence, the defendant offered the affidavits of two witnesses tending to support the claim of the defendant and to contradict the testimony of the O’Reagan woman, and to the effect that after Patton had left Lopa’s house he returned thereto, as testified to by the defendant.
It is manifest that this newly discovered evidence proffered on the motion was in its nature both impeaching and cumulative. It was the former in that it tended to impeach the statements of the O’Reagan woman, and cumulative in that it supported the testimony of the defendant upon the issue whether Patton returned to the defendant’s house” as claimed.
The granting of a motion for a new trial upon the ground named is necessarily committed to the wise discretion of the court, and a court of error cannot reverse unless there has been a gross abuse of that discretion. And whether that discretion has been abused must be disclosed from the entire record. The rule of procedure in this regard has been frequently announced by this court. The new testimony proffered must neither be impeaching nor cumulative in character. Were the rule otherwise the defendant could often easily avail himself of a new trial upon the ground claimed. Unless the trial court or court of error, in view of the testimony presented to the court and jury, finds that there is a strong probability that the newly discovered evidence will result in a different verdict, a new trial should be refused.
*412 In this case were the evidence proffered not impeaching and cumulative in character, we hold that the evidence tendered in the affidavits would probably not change the result, especially in view of the written confession made by the defendant.
The ground of newly discovered evidence was also supported by the affidavit of one Dr. Stafford, which purported to give a statement made by Patton just previous to his death. It is sufficient to say that Stafford was called as a witness on behalf of the state, and was cross-examined by the defendant’s counsel, who knew that Stafford was with Patton just prior to his death. Counsel for defendant had full opportunity then to develop, by way of cross-examination, the fact which is now claimed to be material for the defendant, and since that was not done, counsel cannot now claim the privilege of future development.
Estella Lawler, a witness for the state, testified that she was present at Lopa’s house just before the assault; that Lopa left the room where she was. She was then asked this question:' “Q. And what did he do ? A. I could not swear what he did, but I heard something in this room, — this adjoining room that he' left, like somebody would be whetting something of some kind or grinding it.” The witness later said that when Lopa returned she noticed a knife in his right hip pocket.
The court of appeals held the answer quoted to be prejudicial error, Upon authority of Crowell v. Western Reserve Bank, 3 Ohio St., 406. The *413 case cited was .'not applicable. The answer of the witness was not merely the expression of an opinion or an impression gained from a conversation, as in the Crowell case, but was a description of the sound which could be described probably in no other manner than the answer employs, and it was not error for the trial court to refuse to rule out the answer.
For the reasons stated the judgment of the court of appeals is reversed, and that of the common pleas is affirmed.

Judgment reversed.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias and Johnson, JJ., concur.